In the Matter of G. EWALD MENZEL, an Attorney, Respondent.

First Department, February 5, 1926.

Attorney and client — disciplinary proceedings — attorney suspended two years for converting moneys left with him by client to pay stenographer's fee — amount was repaid on day of hearing — attorney is second offender — reference not required.

An attorney at law who has been previously suspended for six months for misconduct is suspended for two years for converting money left with him by a client to pay a stenographer's fee, although the amount converted was repaid on the day of the hearing.

No reference is necessary in this case, since the respondent admits the facts.

DISCIPLINARY proceedings instituted by the Association of the Bar of the City of New York.

*Einar Chrystie*, for the petitioner.

*Thomas Cooper Byrnes*, for the respondent.

CLARKE, P. J. The respondent was admitted to practice as an attorney and counselor at law in the State of New York, at the February, 1894, General Term of the Supreme Court, Second Department, and has practiced as such attorney since his admission with the exception of six months during which time he was suspended from practice pursuant to an order of the Appellate Division, First Department, entered on the 16th day of December, 1922.

The petition charges that respondent acted as attorney for the defendant in the case of *Gisiger* v. *Johnson*, tried in the Municipal Court of the City of New York, Borough of Manhattan, Ninth District, on June 17, 1924, in which action judgment was rendered in favor of the plaintiff. On June 20, 1924, the respondent wrote to the stenographer who had taken the minutes at the trial and inquired what he would charge for a transcript. The stenographer replied that the cost would be seventy-two dollars and also notified the respondent that if he desired the minutes he should deposit that amount with the clerk of the Ninth District Court in accordance with rule 26 of the Municipal Court Rules. On July 22, 1924, the respondent sent the stenographer a letter as follows:

"*July* 22, 1924.

" HENRY P. SANDERS, Esq.,
    " Court Stenographer to Davies, J.
                " 801 West 181st St.,
                        " New York:
                " Gisiger v. Johnston.

" DEAR SIR.— Your favor of June 23, 1924, answering mine of June 20, 1924, received. I hereby request you to furnish me with minutes of trial for appeal purposes, which includes two copies; the ribbon copy for the Court for return on appeal, and carbon copy for me. Your estimated cost, I understand, is $72.— you to make refund in case of a surplus.

" I stopped at the 9th District Clerk's office today to deposit the amount, and was told to arrange the matter with you direct. I called up the 7th District Clerk's office and also, your home (tel. Washington Hgts 2514) but received no response.

" Kindly advise me where to send money order, or whether you want to wait until you return. It is all the same to me, how and where you want payment made.

" Kindly acknowledge receipt and oblige
                " Yours very truly
            " (Sd.) G. EWALD MENZEL
                    " Atty. for deft.-appellant.
                        " 29 Broadway, New York."

The stenographer thereafter notified the respondent that he would transcribe the minutes upon the understanding that he would receive a check when he delivered the transcript. On August 15, 1924, the stenographer left a transcript of the minutes at the respondent's office. The respondent was absent from his office at the time. Not having received payment for the transcript the stenographer on September 29, 1924, sent a letter to the respondent of which the following is a copy:

                        " NEW YORK, *Sept.* 24, 1924.
" G. EWALD MENZEL, Esq.
                " 29 Broadway,
                        " New York City:

" DEAR SIR.— May I again call your attention to my bill for $64. for minutes in the case of Gisiger v. Johnston, for which I have not as yet received check. On August 15th I called at your office with these minutes, at which time you were not in, and as I was leaving the city the next day to be absent for a month, as a matter of courtesy I left the minutes at your office with instructions to send me a check. In a previous letter I had stated that I should

First Department, February, 1926.                    [Vol. 216

expect a check on delivery of minutes. I saw you with reference to this matter over a week ago, and at that time you promised I should have a check by Thursday or Friday of last week. I have had to pay an operator nearly $25. for getting out these minutes, and it is now a month and a half since they were left with you and I would therefore appreciate it very much if you would kindly forward me a check at once in payment for same.

" Yours very truly,"

The respondent did not answer this letter or pay any attention to the stenographer's request for payment. On October 13, 1924, the stenographer sent another letter to the respondent calling his attention to the fact that he had written three times and called at the respondent's office twice and again demanding payment. The respondent did not acknowledge receipt of this letter. Thereafter the stenographer communicated with the respondent's client and advised him that he had not been paid for the transcript of the minutes which he had furnished to his attorney. The respondent's client replied that he had given the respondent seventy-five dollars in July, 1924, to be used to pay for the minutes. Upon receipt of this information the stenographer again communicated with the respondent and notified him that he had been informed by the respondent's client that in July, 1924, he had paid the respondent seventy-five dollars to be used for the purpose of paying for the transcript. The respondent did not acknowledge receipt of this letter. The stenographer thereupon brought the matter to the attention of the committee on grievances of the Association of the Bar of the City of New York. On the day fixed for the investigation of the charge by the committee and while waiting in the rooms of the attorney for the committee the respondent paid the stenographer a few minutes before the case was reached for a hearing.

The answer interposed by the respondent admits all the allegations of facts contained in the said petition and denies the conclusion " that the respondent has been guilty of misconduct as an attorney at law," and alleges that respondent finally paid the bill on September 24, 1925, upon the advice of counsel representing him in the premises; that inasmuch as respondent intended to pay the bill of Sanders, whatever might be the finding of the Bar Association on the Sanders charge, respondent could with propriety pay the bill when he did.

It appears by our opinion reported in 203 Appellate Division, 515, that this respondent collected certain moneys for his client and that though numerous demands were made upon him to pay over the moneys so collected no part thereof had been paid at the time the matter was brought to the attention of the committee on grievances.

In that proceeding the learned referee reported that the client sent many letters to the respondent " and received nothing but promises, which were broken; and that finally, when respondent was requested to appear before the committee on grievances of the Bar Association, he paid the money." He was then suspended from practice for six months in the expectation that the mild punishment administered would serve as a lesson. But it appears that he has not profited by our leniency. Here he held on to the money intrusted to him for a specific purpose for over a year and only paid when disciplinary measures were instituted. We have said again and again that such proceedings are not instituted for collection purposes and that payment on the eve of a hearing does not condone the offense. We have also reiterated the doctrine that moneys intrusted to attorneys for specific purposes are trust funds and may not be used to liquidate the personal debts of the attorney. We emphasize the rule that attorneys must not use their clients' moneys for their own purposes. The rule is clear and simple and the penalty is certain. The respondent is a second offender. A reference is not necessary as the facts are admitted.

The respondent should be suspended from practice for two years, with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions to be incorporated in the order to be entered hereon.

DOWLING, FINCH, MCAVOY and MARTIN, JJ., concur.

Respondent suspended for two years, with leave to apply for reinstatement as indicated in opinion. Settle order on notice.